EZEKIEL DAWSON v. SUSANNA SMITH et al.

WHEN upon an issue of *devisavit vel non*, one of the questions involved is, whether the will was lost, the will can only be proved by evidence *aliunde* and by parol, which is admissible for the purpose.

Proof of the execution of a will and of its existence at one time as a formal will of the deceased, and of a diligent search for it since her death without its having been found, is sufficient ground for the admission of parol evidence to prove the substance and contents of it. Such is the rule of evidence in regard to records, deeds and other instruments of writing. As to the presumption under the facts and circumstances proved, that the deceased may herself have destroyed it *animo revocandi*, that is a question of fact to be determined by the jury under the issue sent up to be tried by them, and not by the court on any assumption, or presumption whatever.

The rule of evidence in regard to depositions does not require entire mutuality or identity of the parties in the two suits. In respect to them, it is in general sufficient, if the matters in issue were the same in both cases, and the party against whom the deposition is offered, had full power to cross-examine the witness. For where the same matter is substantially in controversy in the two cases, though the parties may be different, and the one against whom the deposition is offered, had full opportunity to examine the witness, it is admissible.

If, after the making of the will, the deceased took it into her possession and it continued in her possession until it disappeared, the presumption will be that she voluntarily destroyed it *animo revocandi*. And yet this presumption may be rebutted by contrary evidence ; for if, in the mean-

while, it had been out of her possession and in possession of another person, who had been entrusted with the keeping and preservation of it, it must be shown that it came again into her own possession, or was actually destroyed by her direction, or it will not be held, or presumed to be revoked by her; but will be deemed to remain unrevoked by her, and it will then be incumbent on the parties resisting the establishment of it, to show conclusively that it was destroyed by her direction.

If the will was not destroyed by her, or by her direction, but the same was actually lost, or was destroyed by some other person without her direction, then the contents of it may be proved by competent and sufficient evidence *aliunde*, and may be set up and established as substantially her same will and testament, whether it was so lost or destroyed without her direction, either before or after her death, provided the same was done without her knowledge in her life time. And the rough and original copy of the will preserved by the person who prepared the will who saw the deceased execute it, and signed it as one of the witnesses, and proved by him to contain the same provisions as the lost will, will be sufficient evidence for such purpose.

ISSUE of *devisavit vel non* from the Register of Wills in and for Kent County, to be tried before the court and jury, whether the paper writing annexed to it, purporting to be notes containing the substance of a will made by Elizabeth Smith deceased, in the year 1857, and alleged to be lost, was, or was not, her last will and testament.

*Joseph P. Comegys*, a witness testified that Elizabeth Smith died in 1864, and Samuel Culbreth, her nephew, induced him to become her administrator, and soon after delivered all her papers into his possession, as such, but after carefully inspecting them, he had never found any will of hers, except an old will of hers made many years ago, in which she had devised her property to her sister, who afterward died in her life time, by which the devise lapsed.

*George B. Dickson*, another witness, testified that Elizabeth Smith executed a will in the fall of 1857, at Samuel Culbreth's house.

*Ridgley*, for the defendants, objected to the admissibility

of any parol evidence to prove that the deceased had made a will in 1857, or at any other time. The issue awarded by the Register in the case, was whether the papers or notes sent up by him, were, or were not, her last will and testament ; but which do not purport to be a will and were not made or signed by any one as a will, and the testimony must be confined to that question. Besides, a will cannot be proved by parol, or be a will unless it is executed in conformity with the requirements of the statute.

*By the Court.* It is alleged in this case that a will was duly made by the deceased in the year 1857, but that it has been lost, and whether that be so, is one of the questions involved in the issue sent up to be tried here, and that must not only first be proved before any testimony can be admitted as to the contents of it, but can only be proved by evidence *aliunde* and by parol. The objection is therefore overruled.

The witness proceeded and stated that he saw her sign that will, and signed it himself as a witness in her presence, and also saw Nathanial B. Smithers do the same. Samuel Culbreth and his wife were present at the time, and after it was signed and executed, Mr. Culbreth handed it to the deceased and she put it in her reticule.

*Nathanial B. Smithers* testified that he had written several wills for the deceased—two at least—the first in 1852, and the last in November 1857, and believed he signed the latter as a witness in her presence. That he went with it prepared for execution to Samuel Culbreth's house, and that it was there executed, Mr. Dickson, and Mr. Culbreth and his wife being present, and that he left it there and had never seen it since. The testatrix was then of sound disposing mind and memory.

*Mary Wallace* testified that she was in the house of the deceased and in her room the day she was buried, and

43

after the burial, and saw Samuel Culbreth and Mary Smith make a diligent search every where among her papers and through the room, for a will, but none was found. Samuel Culbreth said he could not find the will, and she heard the deceased say some five or six years before her death, that she had a will.

*Rebecca Frazier* testified to the same effect, and that she saw Samuel Culbreth take some old papers out of her desk and carry them away with him.

*William F. Culbreth* testified that Samuel Culbreth died in October 1864, and that he was his administrator, and had made with James F. Allee a diligent search among his papers for the will of the deceased made in 1857, but had not been able to find it. They found, however, among his papers, a will of hers executed in 1842, and notes of another will of hers.

*N. B. Smithers* was then recalled and proved the notes of the will of 1857.

*Ridgely*, (*Pennington with him*). The introduction of any testimony as to the note of the will, is not admissible, because there had not been sufficient proof of a proper search made for it, or of its loss in particular, to warrant the admission of secondary evidence as to the contents of it. There was no direct proof of its loss whatever, and under all the facts proved, the presumption of law would be, and in point of fact should be, not that it was lost, but that it was intentionally destroyed by the deceased herself, with the view to revoke, or to cancel and annul it, as it passed into her own hands immediately after its execution, and continued afterward in her own possession until the disappearance of it.

*Eli Saulsbury* (*Massey with him*). That constituted the very question sent up by the Register to be tried be-

fore a jury, and was entirely a question of fact, and not of law, which was to be decided by them.   First, whether such a will had been made by the deceased; secondly, and if so, whether it had been lost, or intentionally destroyed by her; and thirdly, if it had been lost, and not destroyed by her, whether the notes of it sent up contains sufficient evidence of its contents to be admitted to probate before him, as her last will and testament.   And these were all purely questions of fact to be decided by the jury under the issue.

*By the Court.*   Proof of the execution of the will in 1857, and of its existence at one time as a formal will of the deceased, and of a diligent search for it since her death without its having been found, is, we think, sufficient ground for the admission of parol evidence to prove the substance and contents of it.   The case before us is somewhat peculiar in its character, but such is the rule of evidence in regard to records, deeds and other instruments of writing.   As to the presumption under the facts and circumstances proved in the case, that the deceased may herself have destroyed it *animo revocandi*, suggested by the counsel for the defendants, it is purely a question of fact to be determined by the jury under the issue sent here to be tried by them, and not by the court on any assumption or presumption whatever.

The witness then resumed his testimony and proved the notes, which consisted very much of a will in form and at full length, and read the same and stated that he had drawn from it the will of the deceased in 1857, and that he had no doubt from his recollections of it and the transaction, that the provisions contained in the notes, or original and rough copy of her will at that time, were incorporated into the will, as it was subsequently drawn therefrom and was signed and executed by her.   The several items as he had just read them from the rough copy, he believed composed the will of the deceased as it was executed by her.

The counsel for the plaintiff next offered in evidence the

deposition of Philip C. Culbreth, since deceased, taken before the Register on the propounding for probate of a former will made by the deceased in 1852.

To which the counsel for the defendants objected, first, because it was not on a trial between the same parties as were now before this court, and secondly, because it was not an issue as to the same, but a different paper writing purporting to contain the substance of a subsequent will made by her.

The counsel for the plaintiff replied and cited 4 *Serg. & Rawle*, 203.

*The Court* overruled the objection, and remarked that the rule of evidence in such cases does not require entire mutuality or identity of the parties in the two suits. In respect to depositions it is in general sufficient if the matters in issue or controversy were the same in both cases, and the party against whom the deposition is offered, had full power er to cross-examine the witness. For where the same matter is substantially in controversy in the two cases, though the parties may be different, and the one against whom the deposition is offered had full opportunity to examine the witness, it is admissible. 1 *Greenl. Ev. sec.* 553. Besides, in cases of this kind, it is competent for the Register to order any deposition before him, to be read in evidence on the trial of the issue before the jury.

*Mathias Day* testified that in January 1864, the deceased, in a conversation with him, said she had a will and that it was in the possession of Samuel Culbreth, and when she went to Dover she meant to get it from him. She also said he had her land in a way she never intended for him to have it.

After the argument of the case by counsel on the facts proved,

*The Court, Gilpin, C., J., charged the jury*, that it had been sufficiently proved by the evidence in the case that

the deceased duly made and executed a will in the year 1857, and as there was no proof that she ever made one after that, if it had been shown to their satisfaction by the evidence in the case, that after it was made, she took possession of it, and that it continued in her possession until it disappeared, the presumption would be that she voluntarily destroyed it *animo revocandi*, that is to say, with the intention of revoking or annulling it. And yet, this presumption may be rebutted by contrary evidence, or facts and circumstances to the contrary of it. For if on the other hand, you are satisfied from the evidence before you, that it had in the mean while been out of her possession and in the possession of another person, who had been entrusted with the keeping and preservation of it, the defendants must show to your satisfaction, that it came again into her own possession, or was actually destroyed by her direction, or it will not be held, or presumed to be revoked by her, but will be deemed to remain unrevoked by her. Or, in other words, if, in this case, it has been proved to the satisfaction of the jury that the will in question was out of her possession, and has not been shown to have returned again into her possession, then it is necessary for the defendants, who are opposing the establishment of it as her last will and testament, to show conclusively that it was destroyed by her direction. If, however, the jury shall be satisfied from the evidence that it was not destroyed by her, or by her direction, but that the same was actually lost, or was destroyed by some other person without her direction, then the contents of it may be proved by competent and sufficient evidence *aliunde* and may be set up and established as substantially her same will and testament, whether it was so lost, or destroyed without her direction, either before, or after her death, provided the same was done without her knowledge in her life time, if it was done before her death. And in this aspect of the case, provided you should be satisfied, when you come to review and weigh all the evidence, that it was not destroyed by her, or by her directions, we consider it our duty to instruct you,

that if such should be the conclusion to which your deliberations may conduct you, then, in our opinion, the notes and paper writing sent up with the issue by the Register with the proof produced in this Court in regard to them, constitute competent and sufficient evidence of the substance and contents of it, to prove and establish it, and to be admitted to probate by him, as and for her said last will and testament.